IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. |
| $420,558.00 IN UNITED STATES CURRENCY, | ) ) ) ) |
| 13 MONEY ORDERS IN THE TOTAL AMOUNT OF $13,000.00, | ) ) ) |
| Defendants. | ) |

**VERIFIED COMPLAINT FOR FORFEITURE**

AND NOW comes the United States of America, by and through its counsel, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and David Lew, Assistant United States Attorney for the Western District of Pennsylvania, and respectfully represents as follows:

1. This is a civil action *in rem* for forfeiture to the United States of $420,558.00 in United States currency and 13 money orders in the total amount of $13,000.00 (the "Defendant Property") pursuant to 18 U.S.C. § 981(a)(1)(C).

2. Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355. Venue is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1395.

3. On or about March 2, 2012, the Defendant Property was seized from a residence occupied by Anthony Rouse III ("Rouse") and Troy Tapia ("Tapia").

4. Rouse and Tapia have been the subject of an ongoing criminal investigation conducted by the U.S. Food and Drug Administration.

5. The investigation determined that from on or about June 6, 2008 to on or about March 2, 2012, in the Western District of Pennsylvania and elsewhere, Rouse and Tapia knowingly and willfully did conspire, combine, confederate and agree with Duangthip Chutivaraporn ("Chutivaraporn") and with other persons to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and mail fraud, in violation of Title 18, United States Code, Section 1341.

6. The Defendant Property constitutes proceeds of mail fraud and/or wire fraud, and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

7. At all times material to this civil complaint, Chutivaraporn, a co-conspirator previously convicted, was in charge of the business venture that operated "www.edrugnet.com" and "www.overseas-foreign-pharmacy.com," and the affiliated web sites that linked back to them.

8. It was part of the conspiracy that "www.edrugnet.com," and the affiliated web sites that linked back to it, made materially false and fraudulent representations and promises which led United States consumers to believe that they could purchase, import, and have delivered prescription drugs without a valid prescription, without supervision of a physician, and without labeling approved by the FDA.

9. It was part of the conspiracy that "www.edrugnet.com" and "www.overseas-foreign-pharmacy.com" and the affiliated web sites that linked back to them, falsely represented that it was licensed to ship medications to "all countries in the world" including the United States, when in truth and in fact, "www.edrugnet.com" was not licensed by FDA and/or any other local or state licensing entity in the United States to distribute drugs into the United States, and nor were Rouse and Tapia.

10.     It was part of the conspiracy that "www.edrugnet.com," and the affiliated web sites that linked back to it, falsely represented that no prior prescription was needed and medications could be purchased by adding them to the shopping cart and supplying payment details and falsely represented that "we sell only authentic and quality medications, both brand and generic, approved by the FDA. (U.S. Food and Drug Administration)," when in truth and in fact, the medications being distributed into commerce in the United States were not lawfully permitted to be sold without a valid prescription from a physician and without the supervision of that physician.

11.     It was part of the conspiracy that "www.edrugnet.com" falsely represented that a licensed "U.S. physician will issue the prescription upon approval for free (IF necessary)," when in truth and in fact, it did not procure a valid prescription from a "U.S. physician" prior to filling orders for prescription drugs for United States customers.

12.     From on or about June 6, 2008 to on or about March 2, 2012, in the Western District of Pennsylvania and elsewhere, Rouse and Tapia participated with Chutivaraporn, and with other persons, in the sale and distribution of Nubain and Fioricet over the internet in exchange for payments to be transmitted to Thailand by customers in the United States.

13.     It was part of the conspiracy that "www.edrugnet.com" induced customers in the Western District of Pennsylvania and elsewhere in the United States to purchase Nubain, Fioricet, and various other prescription medications and have these medications delivered to them in the United States without supplying a valid prescription, based on false representations.

14.     The Defendant Property represents proceeds of the above-described scheme to defraud.

15.     By reason of the foregoing, and under the provisions of 18 U.S.C. § 981(a)(1)(C), the Defendant Property is forfeitable to the United States.

WHEREFORE, the United States of America respectfully requests that process of warrant *in rem* issue for the arrest of the Defendant Property; that Judgment of Forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this action.

    Respectfully submitted,

DAVID J. HICKTON
United States Attorney

/s/ David Lew
DAVID LEW
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7482 (tel)
412-644-2644 (fax)
david.lew@usdoj.gov
PA ID No. 320338 (AFF)

## VERIFICATION

I am a Special Agent of the Food and Drug Administration and the case agent assigned responsibility for this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 9 day of September, 2016.

_____
Sean Grillo
Special Agent
Food and Drug Administration